IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| KARL BROADBENT,<br><br>             Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>Case No. 2:16-cv-00569<br><br>Judge Clark Waddoups |

This matter came before the court on petitioner Karl Brandon Broadbent's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. No. 1). The court previously denied the government's motion to stay the proceedings pending the U.S. Supreme Court's ruling in *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016) (Dkt. No. 9). After briefing by the parties, the court held a hearing on the § 2255 motion on October 3, 2016. Upon further consideration of the pleadings filed by the parties, the arguments of counsel, and relevant case law, the court GRANTS the petitioner's motion.

## BACKGROUND

On September 13, 2012, Mr. Broadbent pled guilty to one count of escape pursuant to 18 U.S.C. § 751(a) and one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). (2:12-cr-313, Dkt. No. 15). On January 22, 2013, the court sentenced Mr. Broadbent

to 78 months in prison on each count, to run concurrently, to be followed by 36 months of supervised release. (*Id.*, Dkt. No. 24).

At sentencing, the court reviewed the presentence investigation report, found that the guideline range had been correctly calculated, and accepted the report as submitted. (*Id.*, Tr. of Sentencing 6-7, Dkt. No. 29). There was no discussion on the record of the underlying criminal convictions that contributed to Mr. Broadbent's offense level or criminal history category, including the 2003 aggravated assault conviction at issue here, a third-degree felony, which qualified as a "crime of violence" under § 2K2.1 and the "residual clause" located in § 4B1.2(a) of the United States Sentencing Guidelines (USSG). (*Id.*, PSR ¶¶ 17, 33, Dkt. No. 26 ). Based on Mr. Broadbent's total offense level of 23 and a criminal history category of VI, the guideline range was 92 to 115 months with a period of supervised release of 1 to 3 years. (*Id.*). Upon consideration of the factors set forth in 18 U.S.C. § 3553, the court ultimately chose to vary from the guideline range and sentenced Mr. Broadbent to 78 months. (*Id.*, Tr. of Sentencing 16-17, Dkt. No. 29). Mr. Broadbent did not appeal his sentence.

Mr. Broadbent filed his § 2255 motion on June 10, 2016, less than one year after the Supreme Court issued, on June 26, 2015, its ruling in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (holding that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague and in violation of due process). Mr. Broadbent relies on the newly established constitutional rule in *Johnson* for the timeliness of his petition. *Johnson* was made retroactively applicable to cases on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). The Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), which held that after *Johnson*, the nearly

identical residual clause in the USSG is similarly unconstitutionally vague, supports Mr. Broadbent's assertion that his guideline range was based on unconstitutional factors. Specifically, Mr. Broadbent claims that his prior conviction for aggravated assault, which qualified as a "crime of violence" under § 4B1.2 before *Johnson*, placed his base offense level at 20 instead of 14. A base offense level of 14 would have placed his guideline range at the much lower range of 51 to 63 months.  Accordingly, he asks for his sentence to be vacated, his correct guideline range to be recalculated, and for resentencing under the correct guidelines range.

## DISCUSSION

Before specifically addressing whether Mr. Broadbent's prior conviction for third-degree aggravated assault qualifies as a crime of violence after *Johnson* and *Madrid*, the court first addresses the government's challenge as to the timeliness of Mr. Broadbent's petition and its claim that he is procedurally defaulted from challenging his predicate convictions for failure to challenge them on direct appeal.

### I.      Mr. Broadbent's petition is timely.

The government argues that Mr. Broadbent's § 2255 motion is untimely and thus he has not established his right to habeas relief.  First, the government claims that because Mr. Broadbent has not shown anything in the record to demonstrate that the court relied on *Johnson*'s now-invalid residual clause in imposing sentence, he cannot rely on *Johnson* for the timeliness of his petition.  Second, the government claims that because Mr. Broadbent has not demonstrated that *Johnson* has retroactive applicability to the sentencing guidelines, his petition filed more than three years after he was sentenced is untimely. The court addresses each of these in turn.

### A.  The Court's Use of the Guidelines' Residual Clause

The government argues that there is no evidence in the record that the court relied on the residual clause of the USSG to evaluate Mr. Broadbent's prior conviction; thus, it is just as likely that the court evaluated the conviction under the enumerated offenses identified in the comment to § 4B1.2[1] or under the "physical force clause."[2] (Dkt. No. 11, p. 4).  For purposes of the government's timeliness argument, the government claims that without evidence of reliance on the residual clause, Mr. Broadbent's § 2255 petition is untimely.  The court disagrees with this reasoning.  In *In re: Chance*, the Eleventh Circuit rejected the requirement of sentencing transcript evidence of reliance on the residual clause as "unworkable," in part because there is no requirement in the law for the court to specify which clause it relies upon in imposing a sentence. 2016 WL 4123844 *4 (11th Cir. Aug. 2, 2016).  Whether the court utters the phrase "residual clause," "force clause," or something similar at sentencing is little more than a matter of pure happenstance, and many district courts have refused to rely on the requirement of "chance remark[s]" to establish a defendant's eligibility for § 2255 relief.  *Id.  See, e.g.*, *Andrews v. United States*, No. 2:16-cv-501, at 10 (D. Utah Sept. 9, 2016) (Mem. Dec.) (noting that the court was not persuaded by the government's claim that defendant had "not carried his burden to show that the Court relied on the Guidelines' residual clause."); *United States v. Ladwig*, ___ F. Supp.

---

[1] The government has not persuaded the court that "aggravated assault" is enumerated in § 4B1.2 for the purpose of this petition because it appears only in the commentary of the guidelines after the August 1, 2016 Supplement to the 2015 Guidelines Manual. Introducing this commentary was a response to the Supreme Court's decision in *Johnson* and intended to interpret the residual clause. *Johnson* found the residual clause unconstitutional; thus, according to Supreme Court and Tenth Circuit precedent, that commentary is invalid because it is inconsistent with the text of the guidelines and violates the Constitution or a federal statute.  *Stinson v. United States*, 508 U.S. 36 (1993); *United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010).

[2] The court addresses the substance of the "physical force" claim in section III, *infra*.

3d ____, 2016 WL 3619640, at *3 (E.D. Wash. June 28, 2016) (finding petitioner had "successfully demonstrated constitutional error simply by showing that the Court might have relied on an unconstitutional alternative"); *Gibson v. United States*, 2016 WL 3349350, at *1-2 (W.D. Wash. June 15, 2016) (slip op.) (concluding that when there is no record to show which choice the sentencing court made, "it must be assumed that [defendant] was sentenced under the residual clause").

Instead, the *In re: Chance* court reasoned that "if the Supreme Court has said an inmate's conviction does not meet one of the definitions that survive *Johnson*, then the inmate may have a claim that he has the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." *Id.* at *5. The court adopts this reasoning and finds that for purposes of the timeliness of Mr. Broadbent's petition, because it finds below that after *Johnson*, Mr. Broadbent's prior conviction under Utah's aggravated assault statute is no longer a "crime of violence" for purposes of applying § 4B1.2 of the guidelines, his prior conviction was evaluated under the "residual clause" and therefore his petition was timely.

### B.  Retroactive Applicability of *Johnson* to the Guidelines

Next, the government argues that *Johnson* is not a substantive or watershed rule that applies retroactively in collateral proceedings challenging sentencing based on the residual clause of the USSG because the guidelines are advisory, as opposed to mandatory, such that *Johnson* is a procedural rule. In other words, the government argues that Mr. Broadbent's petition is untimely because procedural, as opposed to substantive, rules do not have retroactive effect in guidelines sentencing cases and therefore *Johnson* could not have reinstated Mr.

Broadbent's right to pursue collateral proceedings. (Dkt. No. 11, pp. 7-13).  In so arguing, the government attempts to limit the Supreme Court's holding in *Welch v. United States* that *Johnson* is a substantive rule with retroactive effect. 136 S. Ct. 1257, 1265 (2016).  The court finds persuasive the reasoning of the Sixth Circuit, which rejected the argument that *Johnson* is a substantive rule as to the residual clause of the ACCA but not substantive as to the residual clause in § 4B1.2 of the USSG.   The Sixth Circuit found that "[t]he Supreme Court's rationale in *Welch* for finding *Johnson* retroactive applies equally to the Guidelines" because "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant." *In re Patrick*, No. 16-5353, 2016 WL 4254929, at *1 (6th Cir., Aug. 12, 2016). Furthermore, no ruling or stay by the Tenth Circuit persuades the court otherwise.  Rather, the Tenth Circuit determined in *In re Encinias*, 821 F.3d 1224, 1224 (10th Cir. 2016) that a petitioner could file a successive § 2255 motion because he made a prima facie showing that *Johnson* applies retroactively to the guidelines. The court is not persuaded by the government's arguments that *Johnson* only has selective retroactivity or that the rule in *Johnson* is substantive in some contexts but not in others, particularly when pre-*Johnson* decisions routinely applied the ACCA to guidelines cases. Thus, because the court concludes that *Johnson* applies retroactively to the sentencing guidelines, it finds that Mr. Broadbent's petition is timely.

II.     **Mr. Broadbent did not procedurally default on his claim because it was not "reasonably available" under *Reed v. Ross* at the time of his sentencing and he suffered prejudice.**

The government argues that because Mr. Broadbent did not raise, on direct appeal, his current challenge to the use of his 2003 felony conviction for aggravated assault to enhance his sentence, he is barred from doing so because he cannot show cause or prejudice under the

procedural default doctrine.  (Dkt. No. 11, p. 15).  The court disagrees. The Supreme Court held in *Reed v. Ross* that if a "constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." 468 U.S. 1, 16 (1984).  It further identified that a constitutional claim is not reasonably available if it is based on a new decision that (1) "explicitly overrule[s] one of our precedents," (2) "overturn[s] a longstanding and widespread practice" that the court has not addressed but has been "expressly approved" by a "near-unanimous body of lower court authority," or (3) "disapprove[s] a practice" that the court "arguably has sanctioned in prior cases." *Id.* at 17 (internal punctuation and citations omitted).

The *Reed* court went on to conclude that "[b]y definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement." *Id.* The court finds that Mr. Broadbent's claims fall squarely within the first two categories identified in *Reed*, and thus he had cause for failing to raise the validity of the use of his aggravated assault conviction to enhance his sentence on direct appeal.

Similarly, the court finds that Mr. Broadbent has suffered actual prejudice because his guidelines sentencing range was increased based on § 4B1.2(a)(2)'s unconstitutionally vague residual clause which deemed his underlying conviction as a "crime of violence." The Tenth Circuit has held that prejudice can be established by showing that an improperly applied guideline range increased the actual amount of jail time a defendant may be required to serve.

*United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003).  More recently, the Supreme Court held that a sentence imposed under an erroneous guideline is "plain error" even if the sentence actually imposed was within the correct range. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).  In light of the foregoing, the court finds both cause and prejudice under *Reed* and finds that the procedural default doctrine does not preclude Mr. Broadbent's § 2255 motion.

III.    **Mr. Broadbent lacks any "Crime of Violence" sufficient to increase his guideline range under USSG § 2K2.1.**

After *Johnson*, for a prior conviction to qualify as a crime of violence under USSG § 4B1.2(a)(1), the conviction must have "as an element the use, attempted use, or threatened use of physical force against the person of another."  Under the "categorical approach" that the court is required to employ to evaluate whether the prior conviction meets the "physical force" clause, the court must "look only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offense[] and *not* to the particular facts underlying [the offense].[3]  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Madrid*, 805 F.3d at 1207 ("We focus only 'on the elements, rather than the facts, of a crime' to determine whether it is categorically a crime of violence under all circumstances.").  The court therefore evaluates the elements of Utah's aggravated assault statute to determine whether it qualifies categorically as a crime of violence under USSG § 4B1.2(a)(1).

The 2003 Utah statute for the offense of aggravated assault states:

---

[3] The government does not demonstrate how Utah's aggravated assault statute is divisible such that the "modified categorical approach," which allows the court to review certain factual findings such as charging documents, should be applied pursuant to *Descamps.* 133 S. Ct. 2276.  The court therefore analyzes the statute according to the categorical approach.

> (1) A person commits aggravated assault if he commits assault as defined in
>     Section 76-5-102 and he:
>     (a) intentionally causes serious bodily injury to another; or
>     (b) under circumstances not amounting to a violation of Subsection (1)(a),
>         uses a dangerous weapon as defined in Section 76-1-601 or other
>         means of force likely to produce death or serious bodily injury.
> (2) A violation of Subsection (1)(a) is a second degree felony.
> (3) A violation of Subsection (1)(b) is a third degree felony.

Utah Code Ann. § 76-5-103 (2003).

Because the qualification for aggravated assault includes the commission of simple

assault, the simple assault statute as it existed in 2003 is also cited:

> (a) an attempt, with unlawful force or violence, to do bodily injury to another;
> (b) a threat, accompanied by a show of immediate force or violence, to do bodily
>     injury to another; or
> (c) an act, committed with unlawful force or violence, that causes bodily injury to
>     another or creates a substantial risk of bodily injury to another.

Utah Code Ann. § 76-5-102 (2003).

Mr. Broadbent's prior conviction for aggravated assault was a third degree felony under

Utah Code Ann. § 76-5-103(1)(b) (2003). This subsection does not identify a mens rea.  The

Utah Criminal Code requires a culpable mental state of mind for conviction of all offenses other

than strict liability offenses, and when the definition of a criminal offense does not identify what

that culpable mental state is, "intent, knowledge, or recklessness shall suffice to establish

criminal responsibility."  Utah Code Ann. § 76-2-102.  In addition, the Utah Supreme Court has

found that a reckless mens rea is sufficient under Utah law to establish the offense of aggravated

assault. *In re McElhaney*, 579 P.2d 328, 328-29 (Utah 1978).  A reckless mens rea, however, is

insufficient to establish a crime of violence under § 4B1.2, which requires "purposeful or

intentional behavior" and does not encompass non-intentional mental states such as recklessness.

*United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011) (holding manslaughter based on

recklessness was not a crime of violence under § 4B1.2).  Under the categorical approach, then, because the elements of aggravated assault can be met by recklessness it cannot be a crime of violence under all circumstances and thus fails to satisfy the physical force requirement.  *See United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008).

The court is not persuaded by the government's argument that the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), forecloses this result because it did not address the definition of a "crime of violence" in the context of the Armed Career Criminal Act or the USSG.  *Voisine* involved a "misdemeanor crime of domestic violence" that prohibits firearm ownership under 18 U.S.C. § 922(g)(9). 136 S. Ct. at 2280.  Its holding that a reckless domestic assault "involves the use of . . . physical force" that meets the definition in § 921(a)(33)(A) to trigger the firearms ban in 18 U.S.C. § 922(g)(9) is expressly limited to the scope of § 921(a)(33)(A).  *Id.* at n.4 ("[O]ur decision today concerning § 921(a)(33)(A)'s scope does not resolve whether § 16 includes reckless behavior. Courts have sometimes given those two statutory definitions divergent readings *in light of differences in their context and purposes*, and we do not foreclose that possibility with respect to their required mental states.") (emphasis added).  Moreover, at least one district court has held that *Voisine* is not applicable to the ACCA. *Bennett v. United States*, 2016 WL 3676145 (D. Maine 2016).

Accordingly, because the court finds that Mr. Broadbent's prior conviction under Utah's 2003 aggravated assault statute does not qualify as a crime of violence because it can be committed recklessly,  he has also established that his sentence was based on the residual clause and, after *Johnson*, he is entitled to relief under § 2255.

**CONCLUSION**

Based on the foregoing, Mr. Broadbent's Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is GRANTED.  Accordingly, Mr.

Broadbent's sentence is hereby vacated. Counsel shall contact the court to schedule a hearing so

that Mr. Broadbent can be resentenced.

DATED this 11th day of October, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge